# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SEABOARD INTERNATIONAL, INC., <br><br> Plaintiff-Counterdefendant, <br> vs. <br><br> CAMERON INTERNATIONAL CORP., <br><br> Defendant-Counterclaimant. | CASE NO. 1:13-CV-00281-MLH-SKO <br><br> **ORDER DENYING MOTION TO DISMISS AND TO STRIKE WITHOUT PREJUDICE AS MOOT** <br><br> [Doc. No. 22] |

On February 26, 2013, Plaintiff Seaboard International, Inc. ("Seaboard") filed a complaint against Defendant Cameron International Corp. ("Cameron"), alleging infringement of U.S. Patent No. 8,333,237. (Doc. No. 1.) On April 9, 2013, Cameron filed an answer and counterclaims to Seaboard's complaint. (Doc. No. 17.) On May 3, 2013, Seaboard filed a motion to dismiss Seaboard's counterclaims and to strike Seaboard's defenses. (Doc. No. 22.) On May 27, 2013, Cameron filed a first amended answer as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[1]

---

[1] Federal Rule of Civil Procedure 15(a)(1)(B) provides that "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." Although Cameron's first amended answer was filed 23 days after service of Seaboard's Rule 12 motion, the filing is still timely as it was filed prior to the next day after the period ended that was not a Saturday, Sunday, or

1 (Doc. No. 28.)  Therefore, Seaboard's motion to dismiss and to strike is moot.  See
2 Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established
3 that an amended [pleading] supersedes the original, the latter being treated thereafter
4 as non-existent." (internal quotation marks omitted)).  Accordingly, the Court denies
5 without prejudice as moot Seaboard's motion to dismiss and to strike.

6 **IT IS SO ORDERED**.

7 DATED: May 29, 2013

9 MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

28 legal holiday.  See Fed. R. Civ. P. 6(a)(1)(C).